**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID DEWBERRY,**
  Plaintiff,

                 **CIVIL ACTION NO. 05-72805**

vs.

                 **HONORABLE NANCY G. EDMUNDS**
**CITY OF DETROIT STREET MAINTENANCE,** **HONORABLE STEVEN D. PEPE**
  Defendant.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (DKT.# 3)**

 David Dewberry filed this action under Title VII of the Civil Rights Act of 1964 against Defendant. Plaintiff alleges employment discrimination against Defendant occurring from April 1989 through August, 2000, based on Plaintiff's gender and ADA-defined disability. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). Plaintiff filed this *Application For The Appointment Of Counsel* on July 18, 2005.

 Under 42 U.S.C.A. § 2000e-5(f)(1), a federal court may appoint an attorney for a proper complainant and may authorize the commencement of the action without the payment of fees, costs, or security. 42 U.S.C. § § 2000e-5(f)(1). In reviewing employment-related appointment of counsel requests the undersigned considers three factors: "(1) the plaintiff's financial resources; (2) the plaintiff's efforts to obtain counsel; and (3) whether the plaintiff's claim has any merit." *Leon v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.1987).

 It must be noted that there is a great scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding a sufficient number of attorneys willing to volunteer time to serve in *pro bono* cases without payment.

Plaintiff's request for counsel is denied at this time because under Title VII a party must file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discriminatory practice (42 U.S.C. § 2000e-5(e)), and in his complaint Plaintiff indicated that he has not filed a charge with EEOC despite the fact that the last alleged discriminatory action occurred over four years ago.

Plaintiff's application may be renewed after Defendant's dispositive motion regarding the statute of limitation and jurisdictional issues is resolved by the Court. Plaintiff has been given until October 11, 2005, to respond to Defendants' motion for summary judgment.

SO ORDERED.

Dated: September 30, 2005           s/Steven D. Pepe
Ann Arbor, Michigan                 United States Magistrate Judge

Certificate of Service

I hereby certify that copies of this Order were served upon the parties of record by electronic means or U. S. Mail on September 30, 2005.

s/William J. Barkholz
Courtroom Deputy Clerk