UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DEWBERRY,

        Plaintiff,                      Case No. 05-72805

vs.

                                    HONORABLE NANCY G. EDMUNDS
                                    HONORABLE STEVEN D. PEPE

CITY OF DETROIT STREET
MAINTENANCE,

        Defendant.
_____/

REPORT AND RECOMMENDATION

        On July 18, 2005, Plaintiff filed his complaint pursuant to Title VII of the Civil Rights Act. The first two pages of the complaint are comprised of a preprinted form. In these pages Plaintiff checked the boxes indicating that he was alleging discrimination based upon gender and an ADA-defined disability. He also indicated that he was not filing the complaint within the 90- day period required by 42 U.S.C. § 2000e-5, and left blank the area wherein he was to indicate whether he filed charges with the Michigan Civil Rights Commission (MCRC) or the Equal Employment Opportunity Commission (EEOC). The form directs these lines be left blank "IF YOU DID NOT FILE WITH THIS AGENCY." The remaining three pages of the complaint consist of Plaintiff's version of Defendant's discriminatory actions, and are nearly identical to a three-page complaint he filed in 2004, Case No. 04-74620, against the same defendant (Exhibit A, 04-Complaint) .

        Case No. 04-74620, with its nearly verbatim allegations, was dismissed without prejudice by Judge Denise Page Hood (Exhibit B) on May 24, 2005, following Defendant's motion for summary judgment and my unchallenged recommendation to dismiss (Exhibit C). It was determined that Plaintiff had failed to exhaust his administrative remedies through the EEOC and failed to state

a claim upon which relief could be granted.

Plaintiff has now filed virtually the same complaint. The slight variance from the previous complaint is insufficient to overcome the previous fatal errors. Therefore, the undersigned once again recommends that Plaintiff's complaint be dismissed for failure to state a claim and failure to exhaust his agency remedies, for the reasons stated in the previous report and recommendation (Exhibit C).

Furthermore, as the Defendant points out in its present motion for dismissal, Plaintiff has failed to comply with the statute of limitations for filing a discrimination case against Defendant under either federal or state law. 42 U.S.C. § 2000e-5(e)(1)(setting 300 day statute of limitations); *Garg v. Macomb County Community Mental Health Services,* 472 Mich. 263, 284 (2005)(setting 3 year statute of limitations). Because Plaintiff alleges that the discriminatory conduct took place between April 1989 and August 2000, he would have had to file a complaint with the EEOC in first half of 2001 in order for his federal complaint to be timely. His failure to timely exhaust administrative remedies is an appropriate basis for dismissal of his Title VII and ADA action. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action. *Zipes v. TWA*, 455 U.S. 385, 392-98 (1982) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000) (ADA). Likewise, his failure to file a complaint alleging violation of the Elliot-Larsen Civil Rights Act by August 2003 means he cannot maintain an action under that act either. *Garg,* 472 Mich. at 284.

Further, although the period of limitations for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling", *Zipes*, 455 U.S. at 393, Plaintiff has not alleged any facts which would establish waiver or estoppel nor justify equitable relief.

The Sixth Circuit has cautioned that equitable tolling relief should be granted only sparingly. *Dunlap*, 250 F.3d at 1008-09; *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The following five factors are used in determining whether the equitable tolling of the EEOC filing period is appropriate in a given case:

> 1) lack of notice of the filing requirement;
> 2) lack of constructive knowledge of the filing requirement;
> 3) diligence in pursuing one's rights;
> 4) absence of prejudice to the defendant; and
> 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.

*Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988)); *see also Dunlap*, 250 F.3d at 1009 (stating that the test enunciated in *Andrews v. Orr* has been "uniformly applied to the issue of equitable tolling in this Circuit.").

In the Report and Recommendation recommending that Case No. 04-74620 be dismissed, Plaintiff was put on notice that even if his allegations had stated a claim his failure to exhaust his administrative remedies would bar a federal suit. Plaintiff filed this present complaint 2 months later without any explanation for why he had not availed himself of the EEOC's administrative procedures. Therefore, there being no allegations sufficient to establish waiver, estoppel or support an equitable tolling argument, it is recommended that Plaintiff's federal claims be dismissed with prejudice.

The supplemental jurisdiction statute provides that a "district court[ ] may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]here is no mandatory rule" stating that a

3

district court must dismiss a pendent state law claim if it dismisses all the federal claims in a case. *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992); *see also, Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir.1996). Instead, the court must balance the interests of fairness to the parties, judicial economy, avoidance of multiple litigation, and the interest of preventing federal courts from needlessly deciding state law issues. *See Musson*, 89 F.3d at 1254; *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir.1996); *Taylor*, 973 F.2d at 1287; *see generally, Charles Alan Wright, et. al, Federal Practice & Procedure*, § 3532.1 at supp. 114-15 (1999).

In the interest of judicial economy and avoiding multiple litigation, it is recommended that the Court exercise pendent jurisdiction over Plaintiff's state law Elliot-Larsen Civil Rights Act claims against Defendant and dismiss the claims with prejudice for failure to bring the action within the three year statute of limitations.

Therefore, for the reasons stated above, IT IS RECOMMENDED that Defendant's motion be GRANTED, and Plaintiff's claims against Defendant be DISMISSED WITH PREJUDICE.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

*Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 17, 2006           s/Steven D. Pepe
Ann Arbor, Michigan          United States Magistrate Judge

Certificate of Service

I hereby certify that copies of the above were served upon the parties of record by electronic means or U. S. Mail on January 17, 2006.

         s/William J. Barkholz
         Courtroom Deputy Clerk